IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GARY BOYLES, IDOC # B08249, )
)
         Plaintiff, )
)
vs. ) CIVIL NO. 12-101-GPM
)
WARDEN DAVIS, et al., )
)
         Defendants. )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Gary Boyles, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is incarcerated in the Vienna Correctional Center ("Vienna"), brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights by persons acting under color of state law. Boyles's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though a court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a pro se complaint are to be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to the allegations of Boyles's pro se complaint, on or about November 18, 2011, Boyles arrived at Vienna, where he was deprived of pain medication prescribed to him for dental complaints and arthritis. Boyles alleges that, despite making complaints about being denied his pain medication to Defendants Warden Davis, the warden of Vienna, Mark Dillman, an assistant warden of operations at Vienna, and Robert Hilliard, an assistant warden of programs at Vienna, Boyles's pain medication was not restored to him. Boyles also raises a laundry list of additional complaints about Vienna, including the lack of a law library at the prison, the fact that dietary personnel at Vienna do not wear uniforms or hair or beard nets when serving food, Boyles is not permitted to go to church, the lack of an eye doctor at Vienna, and broken windows in the prison dining hall and housing units. Boyles also expresses the belief that kitchen staff at Vienna are putting foreign substances in his food and complains that he is not being allowed to attend Parole School in order to leave IDOC custody sooner. Having reviewed Boyles's complaint carefully, the Court concludes that this case is due to be dismissed.

To the extent Boyles is attempting to maintain a claim against Davis, Dillman, and Hilliard under the Eighth Amendment for deliberate indifference to Boyles's serious medical needs, it is well settled, of course, that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). As the United States Court of Appeals for the Seventh Circuit has instructed, the Eighth Amendment "imposes upon prison officials the duty to 'provide humane conditions of confinement,' including the obligation to provide medical care to those whom [they have] incarcerated." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A prisoner raising a claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Therefore, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The second requirement compels the prisoner to satisfy a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety[.]" *Id*. (quoting *Wilson*, 501 U.S. at 297). "An objectively serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Zentmyer v. Kendall County, Ill*., 220 F.3d 805, 810 (7th Cir. 2000)) (quotation omitted).

A prison official must reasonably respond to a prisoner's complaints, through the investigation and referral of a plaintiff's complaints, in order to be insulated from liability for deliberate indifference to the prisoner's serious medical needs. *See Johnson v. Doughty*, 433 F.3d 1001, 1011 (7th Cir. 2006). However, "[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor." *Id*. "Prison administrators, having no medical expertise, must rely on health care professionals to assess the needs of prisoners and initiate treatment." *Williams v. Cearlock*, 993 F. Supp. 1192, 1197 (C.D. Ill. 1998) (holding that a prisoner's claim under 42 U.S.C. § 1983 that a prison provided defective medical care did not extend to a warden and an assistant warden, who did not have direct responsibility for the prisoner's medical care). "Because deliberate indifference requires actual knowledge of a serious risk of harm, [a prisoner] may not sue the non-medical personnel who denied his grievances. Except in the unusual case where it would be evident to a layperson that a prisoner is receiving inadequate or inappropriate treatment, prison officials may reasonably rely on the judgment of medical professionals." *Bond v. Aguinaldo*, 228 F. Supp. 2d 918, 920-21 (N.D. Ill. 2002) (dismissing deliberate indifference claims against a grievance officer, a warden, and two assistant wardens who had no reason to know that a prisoner's medical treatment was inadequate). "A layperson's failure to tell the medical staff how to do its job cannot be called

deliberate indifference; it is just a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). It is not the job of prison officials to referee disputes between a prisoner and his medical providers about the proper course of treatment for the prisoner, any more than it is the Court's job. "Medical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond" the purview of the Constitution. *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (quoting *Estelle*, 429 U.S. at 107) (brackets omitted). Thus, a prisoner's mere disagreement with a course of medical treatment does not constitute an Eighth Amendment claim. *See id*. *See also Brownlow v. Chavez*, 871 F. Supp. 1061, 1064 (S.D. Ind. 1994) ("The Eighth Amendment does not guarantee a prisoner's choice of a physician, a mode of treatment or a place of treatment, nor does or could it guarantee a particular outcome or level of comfort in the face of physical maladies.") (citation omitted).[1]

---

1. This is perhaps the place to note that, to the extent that Boyles is attempting to hold Davis, Dillman, and Hilliard liable for denying or failing to act on his grievances and other complaints about conditions at Vienna, there is, of course, a constitutional right to address complaints to state officials. *See Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). However, the right to petition the government for redress of grievances "does not require that a government official respond to the grievance." *Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003). Also, just as "a citizen's right to petition the government does not guarantee a response to the petition," so too it does not confer "the right to compel government officials to act on or adopt a citizen's views." *Webb v. Randle*, Civil No. 10-470-GPM, 2011 WL 678815, at *4 (S.D. Ill. Feb. 16, 2011) (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)) (brackets omitted). The Seventh Circuit Court of Appeals specifically has held that a prison official's denial of a prisoner's complaints about the conditions of his or her confinement, even if wrongful, is not a basis for a claim under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations [of a prisoner's constitutional rights] are responsible [under Section 1983]. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (citations omitted). Thus, "[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." *Id*. at 609-10. *See also Burks*, 555 F.3d at 595 ("Public officials do not have a free-floating obligation to put things to rights[.]").

With respect to Boyles's other complaints about conditions at Vienna, 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). Correspondingly, a Section 1983 plaintiff must make allegations that "associate specific defendants with specific claims . . . so [the] defendants are put on notice of the claims brought against them and so they can properly answer the complaint." *Willis v. Hulick*, Civil No. 09-cv-447-JPG, 2010 WL 358836, at *2 (S.D. Ill. Jan. 25, 2010) (citing *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003)). *See also Sanders v. Reeder*, Civil No. 11-331-GPM, 2011 WL 1768850, at *2 (S.D. Ill. May 7, 2011) (quoting *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)) ("[A] Section 1983 plaintiff 'cannot state a claim against a defendant merely by including the defendant's name in the caption' of a complaint.") (brackets omitted). Boyles's complaint fails to include any specific allegations showing the personal responsibility of Davis, Dillman, and Hilliard for: the lack of a law library at Vienna; the unsanitary conditions under which meals are served at Vienna and the possible introduction of foreign matter into Boyles's meals; the broken windows in the dining hall and housing units at Vienna; the lack of an eye doctor at Vienna; and the fact that Boyles supposedly is being prevented from attending church or Parole School.[2] In any event, assuming for the sake of argument that Davis, Dillman, and

---

2. In a short document attached to Boyles's prison trust fund account statement, Boyles also complains that he was addressed by a grievance counselor at Vienna in a disrespectful manner and that officials at Vienna are opening Boyles's legal mail outside his presence. *See* Doc. 6 at 1. The proper way to raise new claims for relief is through the filing of an amended complaint. *See* Fed. R. Civ. P. 15. Accordingly, the Court has disregarded the allegations raised by Boyles in his addendum to his prison trust fund account statement in conducting its screening of Boyles's complaint under 28 U.S.C. § 1915A.

Hilliard have any personal involvement in the conditions of which Boyles complains, Boyles nonetheless has failed to state any claim for a violation of his constitutional rights. For example, a prison is not constitutionally required to have a law library, and lack of access to a law library is of constitutional dimension only if it frustrates a prisoner's ability to bring a non-frivolous legal claim, something Boyles does not allege. *See Lewis v. Casey*, 518 U.S. 343, 352-53 (1996); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). Similarly, prison food must be nutritious, but it need not be tasty or attractively presented, and the occasional presence of foreign matter in a prisoner's food does not rise to the level of an Eighth Amendment violation. *See United States v. Weathington*, 507 F.3d 1068, 1073 (7th Cir. 2007) ("The Constitution does not require prison officials to provide the equivalent of hotel accommodations[.]"); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (citing *Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977)) ("The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing."); *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("The fact that [prison] food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."). As to Boyles's claim that he is being denied access wrongfully to Parole School, in the prison context "there is no constitutional mandate to provide educational, rehabilitative or vocational programs in the absence of conditions that rise to a violation of the Eighth Amendment." *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982). The Court could go on at length about the numerous defects in the laundry list of complaints raised by Boyles about Vienna, but there is no need to do so. Where Boyles has failed to allege the personal involvement of Davis, Dillman, and Hilliard in the matters at issue, Boyles's claims about conditions at Vienna necessarily fail.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that the complaint in this case is frivolous, and therefore this action is **DISMISSED with prejudice**. Boyles is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: February 16, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge